PER CURIAM.
The owners of Block 130, Lot 9 and Block 200, Lot 3.01 in Wildwood City are 4104-4106 Wildboard, LLC and 3210 Pacific Wildwood, LLC, respectively. On August 17, 2005, Randall R. Senna filed appeals from the judgments of the Cape May Board of Taxation affirming the real property tax assessments for the 2005 tax year for each of the properties. Senna, who is not a licensed attorney, filed the complaints pro se on behalf of the limited liability companies, claiming he was a sole proprietor.
Defendant City of Wildwood filed motions to dismiss the complaints with prejudice for failure to comply with Rules 1:21-1(c) and 1:21-1B(a)(6), which prohibit any business entity other than a sole proprietor from appearing in any action in a court of this State, except through an attorney authorized to practice law in New Jersey. In opposition, Senna argued that Rule 1:21-1 allows a non-attorney to appear before the court if that person is the “real party in interest,” and that, as the sole member of the two limited liability companies, he is the only one with a substantial interest in the outcome of the litigation. He also contended he is the sole proprietor of the limited liability companies and falls under that exception provided by Rule 1:21-1(e). Senna also noted that he would be permitted to appear pro se under the rules of the United States Tax Court. Alternatively, Senna argued the *277 appropriate remedy would be to allow him to acquire a substitution of attorney.
Judge Small accommodated Senna’s alternative request and by orders of November 4, 2005, dismissed the complaints without prejudice, providing “fi]f Plaintiff makes an appearance by counsel within 30 days the case will be restored to the calendar. If it does not the matter will be dismissed with prejudice.” No substitution was filed, and in response to defendant’s unopposed motions, the court entered orders on December 8, 2005 dismissing the complaints with prejudice, stating,
it appearing that plaintiff is engaged in the unauthorized practice of law by initiating and seeking to prosecute the within matter before this court without representation by an attorney authorized to practice law in New Jersey, contrary to the prohibition on corporations and other business entities as set forth in R. 1:21 — 1(c) and 1:21-1B(a)(6);
See Order Dated November 4, 2005
Note: Plaintiff having chosen to conduct business and hold title to property in the name of an LLC must be represented by an attorney, see above cited rules and General Trading v. Director.; 83 N.J. 122, 416 A.2d 37 (1980).
Senna, as sole proprietor of the limited liability companies, appealed this order on each of the properties. We calendared these appeals back-to-back and are addressing them in a single opinion as they involve the same legal issue.
On appeal, Senna renews his arguments raised before Judge Small. He additionally argues his election to hold title to the properties in the form of a solely owned LLC has no affect on his right to protect his property and is not an election to forego his right of representation pro se; thus, the case of General Trading is inapplicable. He also claims denial of his right to represent himself and his property pro se violates his constitutional right of self-representation and his right to protect his property. Finally, Senna contends defendant lacks standing to object to his pro se appearance as it suffered no actual or threatened injury and, in fact, would gain an advantage in the litigation by his unrepresented status.
We are not persuaded by any of appellant’s arguments and affirm substantially for the reasons articulated by Judge Small on *278 the record on November 4, 2005 and in the December 8, 2005 orders. As our Supreme Court reiterated in General Trading, which principle is clearly applicable to this situation:
This Court has observed repeatedly that, while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not ..., and may not enjoy the benefit of some other route he might have chosen to follow but did not. [General Trading, supra, 83 N.J. at 136, 416 A.2d 37.]
Senna chose the LLC form to organize his businesses and own the subject properties. The prohibition of lay representation of limited liability companies under Rule l:21-l(c) is clear and unambiguous. Senna chose not to avail himself of the opportunity to obtain counsel to prosecute the tax appeals. He must now accept the consequences of his choices.
Affirmed.